UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
DARRYL WILLIAMS,

                                Plaintiff,

         - against -

MVT COMPANY (BUS COMPANY), and
MITCH THORN, GENERAL MANAGER,

                              Defendants.
----------------------------------------------------------- X

**MEMORANDUM & ORDER**

17-cv-6737 (ENV) (JO)

VITALIANO, D.J.

On October 24, 2017, Darryl Williams, proceeding *pro se*, filed a patent infringement action against defendants MVT Company and Mitch Thorn, MVT's general manager, in the United States District Court for the Southern District of New York.[1] The case was transferred here on November 9, 2017. (*See* Transfer Order, ECF No. 4.) By Memorandum and Order, dated January 15, 2018, the Court granted Williams's request to proceed *in forma pauperis*, but dismissed the complaint, concluding that the action was factually frivolous and that Williams had failed to provide any evidence that he is the holder of a patent for MVT's vehicle.[2] (Mem. & Ord., ECF No. 8.) On January 22, 2018, the Clerk of Court entered judgment. (Judgment, ECF

---

[1] The Court had previously addressed, and dismissed, with prejudice, Williams's complaint against MVT for physical injury that allegedly occurred on an MVT bus. *See Williams v. MV Transportation*, No. 12-cv-5843 (ENV) (MDG), ECF No. 52 (E.D.N.Y. Nov. 23, 2013).

[2] As noted in the previous Order of January 15, 2018, two other patent-related cases filed by Williams have been dismissed as frivolous. *See Williams v. Federal District Court*, No. 11-cv-2076 (RRM), slip op. (E.D.N.Y. May 4, 2011), *aff'd*, Mandate No. 11-3174-cv (2d Cir. Jun 12, 2012) (dismissing complaint alleging patent ownership as frivolous); *Williams v. Possessions Court*, No. 12-cv-2956 (RRM), slip op. (E.D.N.Y. June 21, 2012) (dismissing complaint alleging that Williams invented a different transportation vehicle and that his patent papers were placed in a federal courthouse vault, and warning plaintiff against filing similar actions or be subjected to a filing injunction), *aff'd*, Mandate No. 12-2856 (2d Cir. Mar. 8, 2013).

1

No. 9.) Thereafter, on January 25, 2018, Williams filed a letter seeking "reinstatement of the case." (Pl. Letter filed Jan. 25, 2018, ECF No. 11.) Treating this letter as a request for reconsideration, Williams's motion is denied as set forth below.

## Discussion

Although self-represented parties are afforded solicitude, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In this pinpoint light, a motion for reconsideration should be granted only when the movant identifies (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and quotations omitted). Motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. Reconsideration "is within the sound discretion of the district court." *Equal Employment Opportunity Comm'n v. Fed. Express Corp.*, 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003).

By not showing in his papers any controlling case law or data that the Court has overlooked nor the allegation of facts demonstrating extraordinary circumstances warranting relief from the judgment, Williams fumbles well short of the target zone. Williams simply reiterates his claims the patent is real, that it is for the "back compartment lounge for passengers" and "that the idea didn't come from the work of the patent office is because it was already [sic] done already." (Pl. Letter filed Jan. 25, 2018, ECF No. 11.) Thus, Williams has not shown that

2

he is entitled to reconsideration of the Order dismissing the case. Similarly, Williams's letters regarding a tax identification number does not require the Court to alter its decision. (*See* ECF Nos. 14-17.)

## Conclusion

In line with the foregoing, plaintiff's motion for reconsideration is denied. Furthermore, the Court directs Williams to refrain from filing any further motions, letters, notices or documents in this closed case. No further action will be taken in this case and any further submission, other than a notice of appeal, will be returned to plaintiff by the Clerk of Court.

In the event Williams desires to file a notice of appeal, he is advised that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and, therefore, IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff and to maintain this case on the closed docket for administrative purposes.

So Ordered.

Dated: Brooklyn, New York
March 17, 2018

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge